IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID JACKSON,

    Plaintiff,

v.                                              Civ. No. 23-918 JB/GBW

STATE OF NEW MEXICO
*Children Youth and Families Department*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Plaintiff's Motion for Default [Complaint] [Against] Children Youth and Family [sic] (CYFD) for Discrimination Abuse, Failure to Comply Writ of Certiorari Issued by Court, 1st Amendment, and Civil Rights Act (the "Motion for Default") (*doc. 1-3* at 4-5) and Motion to Reinstate the Case to State Court (the "Motion to Remand") (*doc. 4*) pursuant to the Honorable James Browning's Order of Reference (*doc. 11*) referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the relevant briefing, *doc. 1-3* at 4-5; *docs. 3, 4, 5*, and being otherwise fully informed, I RECOMMEND that the Court deny both Motions.

I. BACKGROUND

A. Procedural History

On June 14, 2023, Plaintiff filed his pro se Complaint against the Children Youth and Family [sic] Department for "Discrimintion [sic] Abus [sic] Failure to Comply Writ of Certiorari Issued by Court, 1st Amendment, and Civil Rights Act" (the "Complaint") in the Ninth Judicial District Court, County of Curry, New Mexico. *Doc. 1-2* at 1-6. Defendant, the Children, Youth, and Families Department ("CYFD"), is a department of the state of New Mexico. N.M. Stat. Ann. §§ 9-2A-1-24. The Complaint appears to allege various civil rights violations against Defendant. *See generally doc. 1-2*. Defendant removed the case to federal court on October 18, 2023[1], *doc. 1*, contending that the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because "[c]onstruing [Plaintiff's] pro se pleading liberally, Plaintiff attempts to assert civil rights violations pursuant to 42 U.S.C. § 1983, including by virtue of Plaintiff's invocation of alleged rights under the First Amendment to the U.S. Constitution." *Id*. at 2.

Prior to removal, Plaintiff filed his Motion for Default in state court on September 26, 2023. *Doc. 1-3* at 4-5.[2] Defendant filed its response after removal on October 25,

---

[1] As subsequently discussed, Plaintiff has yet to effectuate proper service on Defendant. Thus, Defendant's removal is timely as the thirty-day deadline for removal has not yet been triggered. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (clarifying that the thirty-day removal period does not begin until the plaintiff has effectuated formal service of process).

[2] On September 26, 2023, the Clerk of Court of the Ninth Judicial District issued a Certificate as to the State of the Record verifying that the CYFD was served on June 14, 2023, and had not yet filed an answer

2

2023. *Doc. 3*. Plaintiff filed no reply. Therefore, briefing on the Motion for Default is complete. D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

On October 30, 2023, Plaintiff filed his Motion to Remand. *Doc. 4*. Defendant filed its response on November 13, 2023. *Doc. 5*. Plaintiff's reply would have been due on November 27, 2023, but none was filed. Therefore, briefing on the Motion to Remand is complete. *See* D.N.M.LR-Civ. 7.1(b).

### B. Insufficient Service of Process

Plaintiff has not properly effectuated service on Defendant. N.M. Stat. Ann. § 38-1-17(C) states, "In any action in which a branch, agency, bureau, department, commission or institution of the state specifically authorized by law to be sued is named a party defendant, service of process shall be made on the head of the branch, agency, bureau, department, commission or institution *and* on the attorney general." (emphasis added). While in state court, Plaintiff effectuated service on the CYFD on June 14, 2023. *Doc. 1-3* at 1-3. However, Plaintiff never effectuated service on the New Mexico

---

or otherwise responded to Plaintiff's Complaint. *Doc. 1-3* at 3. However, the district court never filed an order granting default judgment against Defendant. *See generally doc. 1-3*. Thus, no final default judgment was ever entered against Defendant in state court. *See Gandara v. Gandara*, 62 P.3d 1211, 1215 (N.M. Ct. App. 2002) (explaining the distinction between entry of default by the clerk and entry of default judgment by the court, and stating that the clerk's entry of default is "merely a formal matter and is entered as a matter of course" when a party brings the appropriate facts to the attention of the clerk) (citations omitted).

3

Attorney General. *See generally doc. 1-3*; *see also doc. 1-4* (electronic communication from the New Mexico Office of the Attorney General dated October 17, 2023, confirming that it had not yet been served in this case).

Following removal, Plaintiff had 90 days to properly effectuate service on Defendant. *See* Fed. R. Civ. P. 4(m); *see also* 28 U.S.C. § 1448. More than 90 days have elapsed since this action was removed to district court, and there is no indication that Defendant has been properly served.

II.   **ANALYSIS**

Plaintiff is proceeding *pro se*. Accordingly, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted)). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

### A. Motion for Default

Plaintiff moved for default before properly effectuating service on Defendant. Until a defendant is properly served, the defendant has no duty to answer or make other motions. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (defendant must serve an answer "within 21 days after being served with the summons and complaint"). Because Defendant has no duty to plead until properly served, entry of default prior to service is improper. *See* Fed. R. Civ. P. 55(a) (clerk shall enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"); *see also Cochran v. City of Wichita*, 784 F. App'x 585, 587 (10th Cir. 2019) (unpublished) (citations omitted) ("To grant a motion for default judgment, the district court must first determine whether the defendants in question were properly served."). Here, as mentioned, Plaintiff has yet to properly effectuate service on Defendant. Accordingly, I recommend that the Court deny Plaintiff's Motion for Default.

### B. Motion to Remand

In his Motion to Remand, Plaintiff states that he "do[es] not think [Defendant] has a legit reason to transfer the case to [Federal] Court," and the "only reason" for Defendant's removal is "to get a dismissal." *Doc. 4* at 4. In response, Defendant contends that the court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because when construing Plaintiff's pro se Complaint liberally, "Plaintiff attempts to assert civil rights violations pursuant to 42 U.S.C. § 1983, such as by virtue of

Plaintiff's invocation of alleged rights under the First Amendment." *Doc. 5* at 3. Plaintiff's Motion to Remand fails to establish that his Complaint does not contain federal claims. Rather, Plaintiff simply states "let [Defendant] fight for dismissal in [s]tate court." *Doc. 4* at 4. In addition, it is reasonable to interpret Plaintiff's mention of the "1st Amendment" and "Civil Rights Act" in his Complaint as an attempt to state federal claims. *Doc. 1-2* at 1. Because Plaintiff fails to rebut Defendant's claim that his Complaint contains federal claims and because Plaintiff's Complaint contains mention of federal claims, I recommend that the Court deny Plaintiff's Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, I RECOMMEND that Plaintiff's Motion for Default Compliant [sic] Aginst [sic] Children Youth and Family (CYFD) for Discrimination Abuse, Failure to Comply Writ of Certiorari Issued by Court, 1st Amendment, and Civil Rights Act (*doc. 1-3* at 4-5) and Motion to Reinstate the Case to State Court (*doc. 4*) be denied.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**