IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID JACKSON,

       Plaintiff,

vs.                                                                                                No. CIV 23-0918 JB/GBW

CHILDREN YOUTH AND FAMILY
DEPARTMENT,

       Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Proposed Findings and Recommended Disposition, filed March 13, 2024 (Doc. 12)("PFRD"); (ii) the Plaintiff's Objection to Motions to be Dismissed [sic], filed March 27, 2024 (Doc. 13)("First Objections"); and (iii) the Plaintiff's Responding to Judge Cross Default Judgement [sic], filed April 8, 2024 (Doc. 14)("Second Objections"). The PFRD notifies the parties of their ability to file objections within fourteen days and that failure to file objections waives appellate review. See PFRD at 6. On March 27, 2024, Plaintiff David Jackson filed objections to the PFRD. See First Objections at 1. On April 8, 2024, Plaintiff made an additional filing which the Court will consider as supplemental objections. See Second Objections at 1. The primary issue in the Objections is whether the judicial system properly acknowledges Jackson's claims of discrimination. See First Objections at 1-6; Second Objections at 1-3. The PFRD does not recommend dismissal of Plaintiff's claims. See PFRD at 6. The PFRD recommends that the Court deny Jackson's Motion for Default Compliant [sic] Aginst [sic] Children Youth and Family (CYFD) for Discrimination Abuse, Failure to Comply Writ of Certiorari Issued by Court, 1st Amendment, and Civil Rights Act (dated September 26,

2023)("Motion for Default"), filed with Summons at 4-5, filed October 18, 2023 (Doc. 1-3)("State Court Filings"),[1] and Jackson's Motion: [sic] to Reinstate the Case to State Court, filed October 30, 2023 (Doc. 4)("Motion for Remand").  See PFRD at 1-6.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and has "given fresh consideration to" all parts of the PFRD that the Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, prepared to which Plaintiff has properly objected.  United States v. Raddatz, 447 U.S. 667, 675 (1980) ("Raddatz").  With respect to the portions of the PFRD to which Plaintiff has not properly objected, the Court will adopt them where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously] contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Brownging, J.).  After conducting a review under these standards as appropriate, the Court will adopt Magistrate Judge Wormuth's conclusions and deny Plaintiff's Motion for Default and Motion to Remand.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of

---

[1] The Motion for Default appears on pages 4 through 5 of a larger filing that compiles multiple documents filed in Jackson's underlying State court case; the first page of the compilation is the State court summons that Jackson had served on CYFD.  See State Court Filings at 1-8.

confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit noted that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." Raddatz, 447 U.S. at 674. The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge]'s proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, 2012 WL 6846401, where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. Workheiser v. City of Clovis, 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate

Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts [Magistrate] Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court will adopt the PFRD's recommended disposition of the issues. The Court concludes that Jackson's First Objections and Second Objections are meritless. Accordingly, the Court will deny the Motion for Default and the Motion to Remand.

### I. THE COURT ADOPTS THE PFRD'S RECOMMENDATION ON THE MOTION FOR DEFAULT.

In the PFRD, Magistrate Judge Wormuth concludes that the Court should deny Jackson's Motion for Default, because Jackson has not properly effectuated service on Defendant Children Youth and Family Department ("CYFD"). See PFRD at 5. Magistrate Judge Wormuth reasons that "because Defendant has no duty to plead until properly served, entry of default prior to service is improper." Id. In his First Objections and Second Objections, Jackson argues that CYFD is not responding to his lawsuit. See First Objections at 1; Second Objections at 1.

Entry of default prior to service is improper because Defendant has no duty to plead until properly served. See Fed. R. Civ. P. 55(a) (providing that the clerk shall enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"). When bringing an action against a department of the state of New Mexico, "service of process shall be made on the head of the . . . department . . . and on the attorney general." N.M. Stat. Ann. § 38-1-17(C). Jackson had 90 days to properly effectuate service on CYFD following removal. See Fed. R. Civ. P. 4(m); see also 28 U.S.C. § 1448. The record indicates that Jackson has effectuated service on CYFD but not on the attorney general. See generally Summons and Return, filed in the Ninth Judicial District, Curry County, New Mexico, on June 16, 2023 (Doc. 1-

3 at 1-2) and Electronic Communication from the New Mexico Office of the Attorney General, dated October 17, 2023 (Doc. 1-4).  Because Jackson has not effectuated service on the attorney general, the Court agrees with Magistrate Judge Wormuth and concludes that Jackson's Motion for Default must be denied because CYFD has not been properly served.

**II.     THE COURT ADOPTS THE PFRD'S RECOMMENDATION ON THE MOTION TO REMAND.**

In the PFRD, Magistrate Judge Wormuth concludes that the Court should deny Jackson's Motion to Remand, because (i) Jackson's Complaint, filed in the Ninth Judicial District, Curry County, New Mexico, on June 14, 2023 (Doc. 1-2 at 1-6)("Complaint") mentions federal claims and (ii) Jackson fails to rebut Defendant's claim that the Complaint contains federal claims.  See PFRD at 5-6.  Magistrate Judge Wormuth reasons that "it is reasonable to interpret Plaintiff's mention of the '1st Amendment' and 'Civil Rights Act' in his Complaint as an attempt to state federal claims."  Id. at 6.  In his objections, Jackson states, "A mistake was made identifying ist [sic] Amendment as a violation for discrimination. The 14th Amenment [sic] would have been appropriate. The Amendment had a protection clause, intended to stop State Government from discriminating against African Americans.  Civil Rights Act, is a labor law, that outlaws discrimination base on color, religion, sex, and deployment discrimination."  Objections at 1.

A defendant may remove an action to federal court if a United States district court would have original jurisdiction over the matter.  See 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Federal question jurisdiction exists when "a federal question is presented on the face of plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Jackson, in his Motion to Remand and his Objections,

fails to argue that his Complaint does not contain federal claims. See generally Motion to Remand and Objections. Jackson's Complaint mentions federal claims, and it is reasonable to interpret Jackson's mention of the Fourteenth Amendment and Civil Rights Act in his Objections as another indication that his Complaint may state federal claims. See Objections at 1. Accordingly, the Court agrees with Magistrate Judge Wormuth and concludes that Jackson's Motion for Remand must be denied.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed March 13, 2024 (Doc. 12), are adopted; (ii) the Plaintiff's Objection to Motions to be Dismissed [sic], filed March 27, 2024 (Doc. 13), is overruled; and (iii) the Plaintiff's Responding to Judge Cross Default Judgement [sic], filed April 8, 2024 (Doc. 14), is overruled; (iv) the Plaintiff's Motion for Default Compliant [sic] Aginst [sic] Children Youth and Family (CYFD) for Discrimination Abuse, Failure to Comply Writ of Certiorari Issued by Court, 1st Amendment, and Civil Rights Act (dated September 26, 2023), filed with Summons at 4-5, filed October 18, 2023 (Doc. 1-4), is denied; and (iv) the Plaintiff's Motion: [sic] to Reinstate the Case to State Court, filed October 30, 2023 (Doc. 4), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

David Jackson
Clovis, New Mexico

    *Plaintiff pro se*

Sean Olivas
Ryan Walters
Jennings Haug Keleher McLeod LLP
Albuquerque, New Mexico

    *Attorneys for the Defendant*