IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID JACKSON,

    Plaintiff,

v.                                                              Civ. No. 23-918 JB/GBW

STATE OF NEW MEXICO
CHILDREN YOUTH AND FAMILIES
DEPARTMENT,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Defendant State of New Mexico Children, Youth and Families Department's (CYFD) Motion to Dismiss (*doc. 29*) and Plaintiff's Motion to Terminate Motion to Dismiss [and] Motion to Stay Immediately (*doc. 40*), and pursuant to the Order of Reference (*doc. 11*). Having reviewed the briefing and relevant case law, I RECOMMEND granting dismissal.

    **I.**     **Background**

Plaintiff filed this action pro se on June 14, 2023, in the Ninth Judicial District Court in Curry County, New Mexico. *Doc. 1-2*. It was removed to federal court on October 18, 2023. *Doc. 1*. His claims are based on various alleged actions by Defendant while Plaintiff was acting as the Clinical Director of New Vision Group Home (NVGH) from 2011 through 2017. Specifically, he alleges that Defendant repeatedly suspended

him based on unfounded allegations of abuse, *doc. 1-2*[1] at ¶¶ 4–7, 10 – 11, 13, 16, investigated him based on unfounded allegations, *id*. at 16–25, failed to comply with a 2011 settlement agreement, *id*. at ¶¶ 1, 3, improperly conducted an administrative hearing against him, *id*. at ¶ 14, closed NVGH, *id*. at ¶¶ 26–28, took away his security clearance, *id*. at ¶ 32, and defamed his character by emailing lies to KOB TV, *id*. at ¶¶ 34–35.[2]  He alleges these actions were taken because of his race and asserts claims of discrimination, failure to comply with a court order, violation of the First Amendment, and violation of the Civil Rights Act.  He seeks $10 million in damages.  *Id*. at ¶ 55.

Defendant filed the instant motion to dismiss on December 3, 2024.  *Doc. 29*. Plaintiff filed a motion on May 1, 2025, arguing that res judicata does not apply to his claims because new facts have arisen since the prior suit, and requesting an immediate decision on Defendant's Motion to Stay (*doc. 30*).  *Doc. 40*.  At the time of filing, the motion to stay had already been granted; Plaintiff's motion is therefore moot as it relates to the requested stay.  *See doc. 31*.  To the extent Plaintiff's motion responds to

---

[1] On March 24, 2025, Plaintiff filed a document titled "Complaint" which was docketed as an "Amended Complaint." *Doc. 37*.  Plaintiff subsequently clarified that this "was not meant to be a pleading or a motion." *Doc. 39*.  Accordingly, the original complaint remains operative.

[2] The complaint also contains a number of allegations about a lawsuit between Plaintiff and his ex-partner. *Doc. 1-2* at ¶¶ 37–42.  However, that individual was not named as a defendant in this suit and the allegations are immaterial to the claims against CYFD.  Plaintiff also asserts generally that the judge who presided over the lawsuit between Plaintiff and his ex-partner should be "removed from the bench," but the judge is not a party to this action. *Id*. at ¶ 42.  Under even the most generous construction, these allegations do not support or articulate any claims against CYFD.

2

the arguments raised in Defendant's motion to dismiss, the filing is more properly construed as a responsive brief and the undersigned recommends that it be denied.

## II. Legal Standard

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6). However, Defendant filed an answer to the complaint on October 1, 2024, two months before the motion to dismiss. *See doc. 20*. A motion to dismiss for failure to state a claim filed after the answer should generally be construed as a motion for judgment on the pleadings under Rule 12(c). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (citations omitted).

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012) (quoting *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)). Therefore, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs."

*Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).  The court need not accept the truth of any legal conclusions.  *Iqbal*, 556 U.S. at 678.

Defendant's motion relies on attached exhibits, most notably the complaint and orders filed in a previous state court case.  Generally, the court may consider materials outside the complaint "only by converting the motion to dismiss to a motion for summary judgment."  *Lincoln v. Maketa*, 880 F.3d 533, 537 n.1 (10th Cir. 2018) (citing *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005)).  However, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."  *Johnson v. Spencer*, 950 F.3d 680, 706 (10th Cir. 2020) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)); *see also id.* at 705 ("[C]ourts frequently take judicial notice of prior judicial acts and files when evaluating the merits of a purported claim-preclusion defense." (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172) (10th Cir. 1979))).  In this case, the undersigned finds the state court filings may be considered without reference to summary judgment.

   III.   **Analysis**

To determine the preclusive effect of a state court judgment, the federal court "refer[s] to the preclusion law of the State in which the judgment was rendered."  *Gale*

4

*v. City & Cty. Of Denver*, 962 F.3d 1189, 1192 n.1 (10th Cir. 2020) (quoting *Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007)); *see also* 28 U.S.C. § 1738.  Under New Mexico law, "[a] party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits."  *Potter v. Pierce*, 342 P.3d 54, 57 (N.M. 2015) (citation omitted).  On the fourth element, res judicata precludes a subsequent claim "if the claim reasonably could and should have been brought during the earlier proceeding."  *Id*.  New Mexico employs the "transactional approach" to determine whether claims constitute the same cause of action, which means the court must determine if the issues "aris[e] out of a 'common nucleus of operative facts.'"  *Id*. (quoting *Anaya v. City of Albuquerque*, 924 P.2d 735, 738 (N.M. Ct. App. 1996)).  This is determined with reference to "(1) how [the facts] are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their 'treatment as a single unit conforms to the parties' expectations or business understanding or usage.'"  *Id*. (quoting *Anaya*, 924 P.2d at 739).  Res judicata "precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim."  *Kirby v. Guardian Life Ins. Co. of Am.*, 231 P.3d 87, 105 (N.M. 2010) (quoting *Bank of Santa Fe v. Marcy Plaza Assocs.*, 40 P.3d 442, 445 (N.M. 2001)).

Defendant argues Plaintiff's claims are precluded by the state court's judgment in *Jackson et al. v. State of New Mexico et al.*, D-101-CV-2018-01697, an action filed by Plaintiff on June 7, 2018. Plaintiff alleged a violation of New Mexico's Equal Protection Clause against CYFD based on racial discrimination. *Doc. 29-6*. Specifically, he alleged that CYFD "hound[ed] a group home out of existence with endless investigations," made a "concerted effort" to wipe NVGH out of existence, "forced" Plaintiff into "a highly draconian settlement agreement in 2011," "continually harassed Plaintiff[] with endless frivolous investigations," and "forced" Plaintiff and NVGH into bankruptcy. *Id*. at ¶¶ 1, 4–6, 8–10. He alleged that "[f]rom 2011 until 2017, CYFD began a campaign of deliberate discrimination . . . intended to destroy New Vision Group Home because it was owned and operated by a personal of African American descent." *Id*. at ¶ 23. He alleged that these "concerted efforts . . . were ultimately successful, causing Plaintiff[] substantial damages." *Id*. at ¶ 25.

> The state court granted the defendants' motion to dismiss as follows:
>
> The only claim presently before the Court, that for violation of New Mexico's Equal Protection clause, is properly dismissed under the New Mexico Tort Claims Act because New Mexico does not waive sovereign immunity to public entities for claims for the violation of one's equal protection rights under the New Mexico Constitution and New Mexico otherwise does not recognize a right to sue for damages for the violation of a state constitutional right.

*Doc. 29-9* at 1. The court granted Plaintiff an opportunity to seek leave to amend the complaint. *Id*. at 2. Plaintiff requested leave to add claims under the New Mexico Human Rights Acts and for breach of contract. *Doc. 29-10*. On May 14, 2020, the court denied Plaintiff's motion to amend on the basis that it would be futile, because the proposed claims were precluded by the prior administrative determination that CYFD had a legitimate, nondiscriminatory basis for its actions. *Doc. 29-11*.

Under these facts, the first and third requirements of the res judicata analysis are easily met. There was a final judgment in the prior action and both Plaintiff and Defendant were parties to the suit. *See Potter*, 342 P.3d at 57. On the second requirement—that the earlier judgment was on the merits—the undersigned notes that Plaintiff's initial claim before the state court was dismissed based on sovereign immunity. *See doc. 29-9* at 1. Governmental immunity "is jurisdictional in nature," *Spray v. City of Albuquerque*, 608 P.2d 511, 513 (N.M. 1980), and it is not clear whether a dismissal based on immunity alone would preclude future litigation under New Mexico law. New Mexico courts have noted that "limitations on subject matter jurisdiction in the first action may prevent" the plaintiff's "'full and fair' opportunity to litigate issues." *Moffat v. Branch*, 118 P.3d 732, 736 (N.M. Ct. App. 2005) (quoting *Bank of Santa Fe*, 40 P.3d at 542). In this case, however, Plaintiff was given an additional opportunity to present claims and theories in the prior action, over which the state court undisputedly had jurisdiction. *See doc. 29-10; c.f. Bank of Santa Fe*, 40 P.3d 442, 542 (N.M.

7

Ct. App. 2001) ("Claims are not precluded . . . where a plaintiff could not seek a certain relief or rely on a certain theory in the first action due to limitations on the subject matter jurisdiction of the first tribunal." (quoting *State ex rel. Martinez v. Kerr-McGee Corp.*, 898 P.2d 1256, 1260 (N.M. Ct. App. 1995))). The court then considered the merits of the additional claims and determined that amendment would be futile. *Doc. 29-11*. Accordingly, I find that Plaintiff was given a "full and fair" opportunity to litigate his claims, *see Moffat*, 118 P.3d at 736, and received a decision on the merits.

The remaining question is whether both suits involve the same cause of action. *Id*. Comparing the present complaint with the 2018 complaint, it is clear that both suits arise out of a "common nucleus of operative fact." *See id*. (quoting *Anaya*, 924 P.2d at 738). The alleged facts are manifestly related in time, space, and origin; in fact, they are almost identical. The claims in both cases arise out of Defendant's investigations and suspensions of Plaintiff and NVGH between approximately 2011 and 2017; the 2011 settlement agreement between Defendant and Plaintiff; and the closure of NVGH. *See docs. 1-2, 29-6*. Both allege a concerted and ongoing effort by Defendant to harass and discriminate against Plaintiff. *See id*. Although the alleged defamatory statements by Defendant to KOB TV in 2017, *doc. 1-2* at ¶¶ 34–35, were not specifically referenced in the 2018 complaint, the underlying facts were clearly available to Plaintiff at the time of filing and were closely related to the claims asserted. Defendant's statements and the associated news story related to the closure of NVGH and the allegations against

8

Plaintiff, both of which formed the basis of Plaintiff's claims and were part of the alleged ongoing false statements and "concerted efforts" against Plaintiff by Defendant. *See doc. 29-6* at ¶¶ 4, 9, 23–25.  Consequently, the false statements about Plaintiff to KOB TV are "related" to the facts alleged in the 2018 complaint.  *See Potter*, 342 P.3d at 57; *see also Kirby*, 231 P.3d at 105 ("Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." (quoting *Bank of Santa Fe*, 40 P.3d at 445)).  Because "[t]he same alleged wrongs are sought to be redressed in both lawsuits," *Fogelson v. Bozzone*, 406 P.3d 1012, 1025 (N.M. Ct. App. 2017) (quoting *Ford v. N.M. Dep't of Pub. Safety*, 891 P.2d 546, 555 (N.M. Ct. App. 1994), the facts are sufficiently related to preclude the second suit.

   The closeness of the alleged facts also means that the facts of both cases would form a "convenient trial unit" and that their treatment as a single unit would conform to the parties' expectations.  *See Potter*, 342 P.3d at 57.  Facts form a convenient unit for trial when there is "overlap of the witnesses and evidence relevant to the claims in the two lawsuits." *Anaya*, 924 P.2d at 739.  Treatment of the facts as a single unit conforms to the parties' expectations when the parties have "reason to expect that the additional claims raised in this case were precluded by the judgment . . . in the prior lawsuit."  *Id*. at 740; *see also Fogelson v. Bozzone*, 406 P.3d 1012, 1026 (N.M. Ct. App. 2017) ("Generally speaking, our analysis focuses upon the expectation of the party asserting res judicata.").  The parties may reasonably expect preclusion where the first suit reached

9

completion before the second suit was filed. *See Fogelson*, 406 P.3d at 48; *c.f. Anaya*, 924 P.2d at 740 ("As of the time of the trial and judgment in *Anaya I*, the action underlying this appeal was pending in district court and the additional issues in this case had not been developed."). Here, the second suit was filed approximately three years after completion of the first. *See docs. 1-2, 29-11*. Because the facts asserted in both complaints involve nearly identical overlap of witnesses and evidence and are closely intertwined, I find that the claims constitute the same cause of action for purposes of res judicata. *C.f. Anaya*, 924 P.2d at 740 ("[A]llegations of conduct by different persons in dissimilar situations and at distinct times . . . suggest that the claims advanced in the two cases do not form a convenient trial unit.").

Finally, Plaintiff had a "full and fair opportunity" to litigate his claims in the 2018 lawsuit. *See Kirby*, 231 P.3d at 105 (quoting *Bank of Santa Fe*, 40 P.3d at 445). Plaintiff contends res judicata is inapplicable because "new facts" arose after the first judgment, but he does not identify these new facts or why they were unavailable to him at the time he filed the prior action. *See doc. 40 at 1*. On the contrary, it appears from the face of the complaint that Plaintiff was aware of all facts relevant his claims no later than 2017. Plaintiff presented related claims to the state court, received a determination on the merits, and was permitted an attempt to add new claims in an attempt to avoid dismissal. He failed to do so, and the state court's judgment is entitled to preclusive effect.

## IV. Conclusion

For the forgoing reasons, I RECOMMEND that Defendant's Motion to Dismiss (*doc. 29*) be GRANTED and Plaintiff's Motion to Terminate (*doc. 40*) be DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**