IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID JACKSON,

      Plaintiff,

vs.                                                                                  No. CIV 23-0918 JB/GBW

STATE OF NEW MEXICO
CHILDREN YOUTH AND FAMILIES
DEPARTMENT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the Defendant's Motion to Dismiss, filed December 3, 2024 (Doc. 29)("MTD"); and (ii) Plaintiff's Motion to Terminate Motion to Dismiss [and] Motion to Stay Immediately, filed May 1, 2025 (Doc. 40)("Motion to Terminate"). Having reviewed the briefing and relevant case law, the Court grants the MTD, denies the Motion to Terminate, and dismisses the case.

## BACKGROUND

Plaintiff David Jackson files this action pro se on June 14, 2023, in the Curry County Ninth Judicial District Court of the State of New Mexico. See Complaint, filed June 14, 2024 (Doc. 1-2). Defendant State of New Mexico Children Youth and Families Department ("CYFD") removed the case to federal court on October 18, 2023. See Notice of Removal (Doc. 1). Jackson's claims are based on various alleged CYFD actions while Jackson was acting as the Clinical Director of New Vision Group Home from 2011 through 2017. Specifically, Jackson alleges that CYFD

repeatedly suspended him based on unfounded allegations of abuse, see Complaint[1] ¶¶ 4-7, 10-11, 13, 16, at 1-2; investigated him based on unfounded allegations, Complaint ¶¶ 16-25, at 1-2; failed to comply with a 2011 settlement agreement, see Complaint ¶¶ 1, 3, at 1; improperly conducted an administrative hearing against him, see Complaint ¶ 14, at 2; closed New Vision Group Home, see Complaint ¶¶ 26-28, at 3; took away his security clearance, see Complaint ¶ 32, at 4; and defamed his character by emailing lies to KOB TV, see Complaint ¶¶ 34-35, at 4.[2]  Jackson alleges that CYFD took these actions because of his race, and asserts claims of discrimination, failure to comply with a court order, violation of the First Amendment of the United States Constitution, and violation of the Civil Rights Act of 1964.  He seeks ten million dollars in damages.  See Complaint ¶ 55, at 6.

CYFD filed the MTD on December 3, 2024.  Jackson filed the Motion to Terminate on May 1, 2025, arguing that res judicata does not apply to his claims, because new facts have arisen since the prior suit, and requesting an immediate decision on Defendant's Motion to Stay, filed December 3, 2025 (Doc. 30)("Defendant's Stay Motion").  At the time that Jackson filed the Motion to Terminate, the Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, already had granted Defendant's

---

[1] On March 24, 2025, David Jackson files a document titled "Complaint," which was docketed as an "Amended Complaint."  See Amended Complaint, filed March 24, 2025 (Doc. 37).  Jackson subsequently clarified that this document "was not meant to be a pleading or a motion."  See Response, filed March 18, 2025 (Doc. 39).  Accordingly, the original complaint remains operative.

[2] The Complaint also contains a number of allegations about a lawsuit between Jackson and his ex-partner.  See Complaint, ¶¶ 37-42, at 5, filed October 18, 2023 (Doc. 1-2).  Jackson did not name that individual as a defendant in this suit and the allegations are immaterial to the claims against CYFD.  Jackson also asserts generally that the judge who presided over the lawsuit between Jackson and his ex-partner should be "removed from the bench," but the judge is not a party to this action.  See Complaint ¶ 42, at 5.  Under even the most generous construction, these allegations do not support or articulate any claims against CYFD.

- 2 -

Motion to Stay; Jackson's Motion to Terminate is therefore moot as it relates to the requested stay. See Order Granting Motion to Stay, filed December 5, 2024 (Doc. 31). To the extent Jackson's Motion to Terminate responds to the arguments raised in Defendant's MTD, the Court construes this filing as a responsive brief and denies the relief that the Motion to Terminate requests.

**LEGAL STANDARD**

Jackson moves for dismissal under rule 12(b)(6) of the Federal Rules of Civil Procedure. CYFD files an October 1, 2024, Defendant New Mexico Children, Youth, and Families Department's Answer to the Complaint, two months before CYFD files the MTD. (Doc. 20). A MTD for failure to state a claim filed after the answer generally is construed as a motion for judgment on the pleadings under rule 12(c). See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n.2 (10th Cir. 2002)(quoting Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir.2000)).

The Court reviews rule 12(c) of the Federal Rules of Civil Procedure motions under the same standard as rule 12(b)(6) motions. See Morris v. City of Colo. Springs, 666 F.3d 654, 660 (10th Cir. 2012)(quoting Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005)). The complaint therefore "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Leverington v. City of Colorado Springs, 643 F.3d 719, 723 (10th Cir. 2011)("Leverington")(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("Iqbal")). This standard does not require "detailed factual allegations," but it requires more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly"). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." Leverington, 643

F.3d at 723 (quoting <u>Dias v. City & Cnty. Of Denver</u>, 567 F.3d 1169, 1178 (10th Cir. 2009)).  The court need not accept the truth of any legal conclusions.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

CYFD's Motion relies on attached exhibits, most notably the complaint and orders in a previous State court case.  Generally, the court may consider materials outside the complaint "only by converting the motion to dismiss to a motion for summary judgment."  <u>Lincoln v. Maketa</u>, 880 F.3d 533, 537 n.1 (10th Cir. 2018)(citing <u>Utah Gospel Mission v. Salt Lake City Corp.</u>, 425 F.3d 1249, 1253 (10th Cir. 2005)).  However, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."  <u>Johnson v. Spencer</u>, 950 F.3d 680, 706 (10th Cir. 2020)("<u>Johnson</u>")(quoting <u>Andrews v. Daw</u>, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). <u>See</u> <u>Johnson</u>, 950 F.3d at 705 ("[C]ourts frequently take judicial notice of prior judicial acts and files when evaluating the merits of a purported claim-preclusion defense." (citing <u>St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.</u>, 605 F.2d 1169, 1172)(10th Cir. 1979)).  In this case, the Court concludes that the State court filings may be considered without converting the MTD to a motion for summary judgment.

## <u>ANALYSIS</u>

To determine the preclusive effect of a State court judgment, the federal court "refer[s] to the preclusion law of the State in which the judgment was rendered."  <u>Gale v. City & Cty. Of Denver</u>, 962 F.3d 1189, 1192 n.1 (10th Cir. 2020)(quoting <u>Nichols v. Bd. of Cnty. Comm'rs</u>, 506 F.3d 962, 967 (10th Cir. 2007)). <u>See</u> 28 U.S.C. § 1738.  Under New Mexico law, "[a] party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits."  <u>Potter v. Pierce</u>, 2015-NMSC-002, ¶ 10, 342 P.3d at 57.  On the fourth element, res judicata precludes a subsequent claim "if the claim

reasonably could and should have been brought during the earlier proceeding." Potter v. Pierce, 2015-NMSC-002, ¶ 10, 342 P.3d at 57. New Mexico employs the "transactional approach" to determine whether claims constitute the same cause of action, which means the court must determine if the issues "aris[e] out of a 'common nucleus of operative facts.'" Potter v. Pierce, 2015-NMSC-002, ¶ 10, 342 P.3d 54, 57("Potter")(quoting Anaya v. City of Albuquerque, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 924 P.2d 735, 738("Anaya")). The Court determines with reference to "(1) how [the facts] are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their 'treatment as a single unit conforms to the parties' expectations or business understanding or usage.'" Potter, 2015-NMSC-002, ¶ 10, 342 P.3d at 57 (quoting Anaya, 1996-NMCA-092 ¶ 8, 122 N.M. 326, 924 P.2d at 739). Res judicata "precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim." Kirby v. Guardian Life Ins. Co. of Am., 210-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87, 105 ("Kirby")(quoting Bank of Santa Fe v. Marcy Plaza Assocs., 2002-NMCA-014, ¶ 14, 131 N.M. 537, 40 P.3d 442, 445)("Bank of Santa Fe").

CYFD argues that the State court's judgment in Jackson et al. v. State of New Mexico et al., D-101-CV-2018-01697, an action that Jackson filed on June 7, 2018, precluded Jackson's claims. Jackson alleges a violation of New Mexico's Equal Protection Clause, New Mexico Constitution, Article II, Section 18, against CYFD based on racial discrimination. See Complaint, filed June 7, 2018 (Doc. 29-6). Specifically, he alleges that CYFD "hound[ed] a group home out of existence with endless investigations," made a "concerted effort" to wipe New Vision out of existence, "forced" Jackson into "a highly draconian settlement agreement in 2011," "continually harassed Plaintiff[] with endless frivolous investigations," and "forced" Jackson and New Vision Group Home into bankruptcy. See Complaint ¶¶ 1, 4-6, 8-10, at 2-3. He alleges that, "[f]rom 2011 until 2017, CYFD began a campaign of deliberate discrimination . . . intended to destroy

New Vision Group Home because it was owned and operated by a person of African American descent." See Complaint ¶ 23, at 5. He alleges that these "concerted efforts . . . were ultimately successful, causing Plaintiff[] substantial damages." See Complaint ¶ 25, at 5.

The State court grants CYFD and Monique Jacobson's motion to dismiss:

> The only claim presently before the Court, that for violation of New Mexico's Equal Protection clause, is properly dismissed under the New Mexico Tort Claims Act because New Mexico does not waive sovereign immunity to public entities for claims for the violation of one's equal protection rights under the New Mexico Constitution and New Mexico otherwise does not recognize a right to sue for damages for the violation of a state constitutional right.

See Order on Defendants' Motion to Dismiss at 1, filed November 14, 2019 (Doc. 29-9). The State court granted Jackson an opportunity to seek leave to amend the complaint. See Order on Defendants' Motion to Dismiss at 1, filed November 14, 2019 (Doc. 29-9). Jackson requests leave to add claims under the New Mexico Human Rights Acts, NMSA 28-1-7(i), and for breach of contract. See Motion to Amend Complaint at 2, filed December 2, 2019 (Doc. 29-10). On May 14, 2020, the State court denies Jackson's motion to amend on the basis that it would be futile, because the prior administrative determination that CYFD had a legitimate, nondiscriminatory basis for its actions precludes the proposed claims. See Order Denying Plaintiff's Motion to Amend Complaint at 1, filed May 14, 2020 (Doc. 29-11).

Under these facts, the first and third requirements of the res judicata analysis are met. There is a final judgment in the prior action, and both Jackson and CYFD are parties to the suit. See Potter, 2015-NMSC-002, ¶ 10, 342 P.3d at 57. On the second requirement -- that the earlier judgment is on the merits -- the Court notes that the State court dismissed Jackson's initial claim because of sovereign immunity. See Order on Defendants' Motion to Dismiss at 1, filed November 14, 2019 (Doc. 29-9). Governmental immunity "is jurisdictional in nature," Spray v. City of Albuquerque, 1980-NMSC-028, ¶ 12, 94 N.M. 199, 608 P.2d 511, 513, and the Court predicts that

- 6 -

dismissal based on immunity alone would not preclude future litigation under New Mexico law. New Mexico courts have noted that "limitations on subject matter jurisdiction in the first action may prevent" the plaintiff's "full and fair opportunity to litigate issues." Moffat v. Branch, 2005-NMCA-103, ¶ 10, 138 N.M. 224, 118 P.3d 732, 736 ("Moffat")(quoting Bank of Santa Fe, 2002-NMCA-014, ¶ 14, 131 N.M. 537, 40 P.3d at 542).  In this case, however, the State court gave Jackson an additional opportunity to present claims and theories in the prior action, over which the State court had jurisdiction. See Motion to Amend Complaint, filed December 2, 2019 (Doc. 29-10). C.F. Bank of Santa Fe, 2002-NMCA-014, ¶ 14, 131 N.M. 537, 40 P.3d 442, 542 ("Claims are not precluded . . . where a plaintiff could not seek a certain relief or rely on a certain theory in the first action due to limitations on the subject matter jurisdiction of the first tribunal." (quoting State ex rel. Martinez v. Kerr-McGee Corp., 1995-NMCA-041, ¶ 11, 120 N.M. 118, 898 P.2d 1256, 1260)).  The State court then considers the merits of the additional claims and determines that amendment is futile. See Order Denying Plaintiff's Motion to Amend Complaint, filed May 14, 2020 (Doc. 29-11).  Accordingly, the State court gave Jackson a "full and fair" opportunity to litigate his claims, see Moffat, 2005-NMCA-103, ¶ 10, 138 N.M. 224, 118 P.3d at 736, and a decision on the merits.

The remaining question is whether both suits involve the same cause of action.  See Moffat, 2005-NMCA-103, ¶ 10, 138 N.M. 224, 118 P.3d at 736.  Comparing the present Complaint with the 2018 complaint, both suits arise out of a "common nucleus of operative fact."  See Moffat, 2005-NMCA-103, ¶ 10, 138 N.M. 224, 118 P.3d at 736 (quoting Anaya, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 924 P.2d at 738).  The alleged facts are related in time, space, and origin; they are almost identical.  The claims in both cases arise out of CYFD's investigations and suspensions of Jackson and New Vision between approximately 2011 and 2017; the 2011 settlement agreement between Jackson and CYFD; and the closure of New Vision. See Complaint Against CYFD, filed

June 14, 2024 (Doc. 1-2); See Complaint, filed June 7, 2018 (Doc. 29-6).  Both allege CYFD's

concerted and ongoing effort to harass and discriminate against Jackson.  See Complaint Against

CYFD, filed June 14, 2024 (Doc. 1-2); See Complaint, filed June 7, 2018 (Doc. 29-6).  Although

the 2018 Complaint does not reference the defamatory statements to KOB TV in 2017, see

Complaint Against CYFD ¶¶ 34-35, at 4, the underlying facts were available to Jackson at the time

of filing and are related to the claims asserted.  CYFD's statements and the associated news story

relate to New Vision's closure and the allegations against Jackson, both of which form the basis

of Jackson's claims and are part of CYFD's alleged ongoing false statements and "concerted

efforts" against Jackson.  See Complaint ¶¶ 4, 9, 23-25, at 5.  Consequently, the false statements

about Jackson to KOB TV are "related" to the facts in the 2018 complaint.  See Potter, 2015

NMSC-002, ¶ 10, 342 P.3d at 57.  See Kirby, 210-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d at

105 ("Res judicata bars not only claims that were raised in the prior proceeding, but also claims

that could have been raised." (quoting Bank of Santa Fe, 2002-NMCA-014, ¶ 14, 131 N.M. 537,

40 P.3d at 445)).  Because "[t]he same alleged wrongs are sought to be redressed in both lawsuits,"

Fogelson v. Bozzone, 2017-NMCA-089, ¶ 40, 406 P.3d 1012, 1025 (quoting Ford v. N.M. Dep't

of Pub. Safety, 1994-NMCA-154, ¶ 31, 119 N.M. 405, 891 P.2d 546, 555), the facts are sufficiently

related to preclude the second suit.

The alleged facts' closeness also means that both cases' facts form a "convenient trial unit"

and that their treatment as a single unit conforms to the parties' expectations.  See Potter, 2015

NMSC-002, ¶ 10, 342 P.3d at 57.  Facts form a convenient unit for trial when there is "overlap of

the witnesses and evidence relevant to the claims in the two lawsuits."  Anaya, 1996-NMCA-092

¶ 14, 122 N.M. 326, 924 P.2d at 739.  Treatment of the facts as a single unit conforms to the

parties' expectations when the parties have "reason to expect that the additional claims raised in

this case were precluded by the judgment . . . in the prior lawsuit."  Anaya, 1996-NMCA-092 ¶

17, 122 N.M. 326, 924 P.2d at 739. See Fogelson v. Bozzone, 2017-NMCA-089, ¶ 46, 406 P.3d at 1026 ("Generally speaking, our analysis focuses upon the expectation of the party asserting res judicata."). The parties reasonably may expect preclusion where the first suit reached completion before the second suit was filed. See Fogelson, 2017-NMCA-089, ¶ 52, 406 P.3d at 1027. C.F. Anaya, 1996-NMCA-092, ¶ 17, 122 N.M. 326, 924 P.2d at 740 ("As of the time of the trial and judgment in *Anaya I*, the action underlying this appeal was pending in district court and the additional issues in this case had not been developed."). Here, Jackson files the second suit approximately three years after completion of the first. See Complaint Against CYFD, filed June 14, 2024 (Doc. 1-2); See Complaint, filed June 7, 2018 (Doc. 29-6). Because the facts in both complaints involve nearly identical overlap of witnesses and evidence, and are closely intertwined, the claims constitute the same cause of action for purposes of res judicata. Anaya, 1996-NMCA-092, ¶ 17, 122 N.M. 326, 924 P.2d at 740 ("[A]llegations of conduct by different persons in dissimilar situations and at distinct times . . . suggest that the claims advanced in the two cases do not form a convenient trial unit.").

Finally, Jackson had a "full and fair opportunity" to litigate his claims in the 2018 lawsuit. See Kirby, 210-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d at 105 (quoting Bank of Santa Fe, 2002-NMCA-014, ¶ 14, 131 N.M. 537, 40 P.3d at 445). Jackson contends res judicata is inapplicable, because "new facts" arose after the first judgment, but he does not identify these new facts or explain why they were unavailable to him at the time he filed the prior action. See Motion to Terminate at 1. On the contrary, it appears from the Complaint's face that Jackson is aware of all facts relevant his claims no later than 2017. Jackson presents related claims to the State court, receives a determination on the merits, and is permitted an attempt to add new claims in an attempt to avoid dismissal. He did not alter to add new claims, and the State court's judgment is entitled to preclusive effect.

**IT IS ORDERED** that: (i) the Defendant New Mexico Children, Youth and Families Department's Motion to Dismiss, filed December 3, 2024 (Doc. 29), is granted; (ii) the Plaintiff's Motion to Terminate, filed May 1, 2025 (Doc. 40) is denied; (iii) the Plaintiff's claims are dismissed with prejudice; and (iv) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

David Jackson
Clovis, New Mexico

    *Plaintiff pro se*

Jonathan Scott Brown
Sean Olivas
Ryan M. Walters
Jennings Haug Keleher McLeod Waterfall LLP
Albuquerque, New Mexico

    *Attorneys for the Defendant*